## IN RE DISBARMENT OF WILLIAM A. CHISHOLM.[1]

February 11, 1932.

No. 28,721.

*Oscar G. Haugland* and *Maurice A. Hessian,* for state board of law examiners.

*George T. Simpson,* for respondent.

PER CURIAM.

This application for the discipline of the respondent, William A. Chisholm, an attorney at law in this state, was referred to Honorable Hugo O. Hanft, one of the judges of the second judicial district, as referee, to hear and report the evidence and to make and report his findings of fact thereon. The referee, having heard and reported the evidence and made and reported his findings of fact thereon, the matter was heard, argued, and submitted for decision by this court.

The referee found to be true three charges of misconduct by respondent as set forth in the accusation against him. On the first charge the referee found that during the early part of 1929 and up to and through September, 1929, respondent employed one Frank Corneaby to solicit liquor cases for him; that Corneaby and respondent, working in conjunction, represented to one Zellman and one Lorenz that they had violated the national prohibition laws and were liable to arrest and prosecution therefor by the federal officers;

[1] Reported in 241 N. W. 53.

that they further represented that if Zellman and Lorenz would pay them $300 they could and would relieve said Zellman and Lorenz from the criminal liability incurred by "fixing" the federal officers in charge of enforcing the liquor laws; that Zellman and Lorenz were notified to come and did come to respondent's office, found Corneaby there, and paid $15 to apply on the $300; that they arranged to bring an additional $185 on the same day, and Zellman did return to the office with $185; that respondent was then present, and the money was tendered to him and placed on the table in his office; that respondent objected on the ground that he wanted the full amount to make up the $300; that in the meantime Zellman had arranged to have two police officers come with him, and these officers came into the office before anything further was done. The referee further found that no charges for violating the liquor laws were pending or contemplated at said time against Zellman or Lorenz; that the representations made to them by Corneaby and respondent were false and fraudulent and that the attempt to obtain $300 from Zellman and Lorenz was wrongful and corrupt; that it was an attempt to cheat and defraud.

The findings as to the second charge are that on or about September 1, 1929, Corneaby and respondent made substantially the same false representations to one Rubbelke and in like manner attempted to obtain $700 from him; that the false representations made to Rubbelke were made for the purpose of cheating and defrauding him.

The third charge found true is to the effect that one Anna Meredith had been arrested on the charge of maintaining a liquor nuisance; that she communicated with respondent, who had on other occasions acted as her attorney; that he informed her that he would have to have $2,000 to keep her and some others in whom she was interested out of jail; that he told her if she would pay him that amount as fees he would have her case fixed and would get her out of all the trouble. She then paid him the $2,000 and personally paid an additional $250 to secure a bond for her appearance in federal court. Her case was set for trial in the federal court on

March 15, 1930. In the meantime she heard rumors of disbarment proceedings against respondent in the federal court and inquired of him whether he could represent her in that court. He informed her that he could and would represent her; that if it should become necessary for her to pay a fine he would pay it out of the money she had paid him; and that if she should have to serve a sentence he would return the money to her. The referee found these representations false and untrue; that respondent had been disbarred in federal court on March 1, 1930, and had no authority to appear in that court after that date; that Anna Meredith appeared in the federal court on March 15, 1930; that she was informed by the court that respondent could not appear for her, and no one appeared for her; that she then pleaded guilty to the charge and on April 14 was sentenced to serve eight months in jail; that no attorney appeared for her at the time of sentence; that she had made several efforts to communicate with respondent; that she has since repeatedly demanded of respondent the return of the $2,000 paid to him, and no return has been made. The referee further found that respondent had rendered very little, if any, legal services of consequence in the matter for Anna Meredith, and that the $2,000 paid him was entirely out of proportion to any services rendered.

The referee found that respondent's failure to return at least a portion of the $2,000 so that Anna Meredith could have used the same to employ other counsel in time, his failure promptly to inform her that he could not represent her, and his not seeing to it that competent counsel was secured to represent her were breaches of his duty as attorney.

Chisholm did claim at the hearing that he had employed other counsel to represent Anna Meredith but that through some inadvertence or mistake such counsel did not appear for her. The claim does not impress us as of much importance on the question of his duty to restore the money for which no services had been rendered.

It is urged that the findings of the referee are not sufficiently sustained by the evidence; that a number of the witnesses were persons engaged in illegal liquor activities and some had been convicted of law violations; and that their evidence should be given

little or no weight. The referee had these witnesses before him and was in a better position to weigh their testimony than this court. We cannot say that the referee did not properly weigh the testimony. So far as any of the findings of fact are in the nature of conclusions, we agree with the conclusions reached by the referee. The evidence taken as a whole well sustains the findings of the referee, which are approved.

Upon the findings of the referee and the record presented, it is ordered that the respondent, William A. Chisholm, be disbarred and his name be stricken from the roll of attorneys of this state.

Let judgment be so entered.